The plaintiff is the owner of a furniture store in Southport, Connecticut known as Roche Bobois. In December, 1989, the defendant, Federal Insurance Company, issued a commercial property policy insuring the plaintiff's business. Said policy provided various coverages including business income insurance. Business income insurance provides coverage for lost earnings incurred due to actual suspension of operations during a period of restoration caused by direct physical loss or damage by a covered cause of loss to property at the premises.
On or about January 31, 1990, a flood occurred on plaintiff's premises which resulted in property damage. On the day of the occurrence, plaintiff gave oral notice of the flood loss in question to a claims adjuster of Federal Insurance Company, Robert Padovani. Shortly thereafter, Federal Insurance Company, by its representative, Robert Padovani, investigated plaintiff's claim of property damage. Said investigation revealed that a sump pump burned out causing water to back up into portions of the lower level of the store damaging contents. On May 10, 1990, the plaintiff submitted a sworn written proof of loss statement setting forth the whole loss and damage in the amount of $70,253.88. (Submitted as, Exhibit B to defendant's Memorandum in Support of Motion for Summary Judgment). Plaintiff only claimed losses pursuant to the property section of the insurance policy which provided limits of coverage in the amount of $520,000. The total amount claimed by plaintiff under the aforesaid policy was $69,253.88 representing the losses claimed to furniture stock CT Page 5728 items less the insured's deductible and/or salvage. The total amount of plaintiff's claim was paid in full by Federal Insurance Company in May, 1990. (Submitted as Exhibit C to defendant's Memorandum in Support of Motion for Summary Judgment).
On January 2, 1991, nearly one year subsequent to the occurrence, Federal Insurance Company received a letter, dated December 29, 1990, from Lawrence Gray, President of International Design Center, Inc., sworn to under oath, acting as a "proof of loss." (Submitted as Exhibit D to defendant's Memorandum in Support of Motion for Summary Judgment). Said correspondence alleged for the first time a "formal" claim for loss of business income of $11,000 due to the subject flood loss occurrence on January 31, 1990. No further documentation or information was provided to Federal Insurance Company to support or document plaintiff's apparent claim for business income loss. Federal Insurance Company thereafter denied payment of plaintiff's business income claim.
On January 23, 1991, plaintiff instituted this action against Federal Insurance Company to recover the alleged $11,000 business income loss sustained as a result of the occurrence at plaintiff's premises on January 31, 1990. In addition, plaintiff included a claim in its complaint that the defendant allegedly violated various provisions of the Connecticut Unfair Trade Practices Act (CUTPA). Thereafter, on March 27, 1991, plaintiff filed an amended complaint adding a claim for relief pursuant to the Connecticut Unfair Insurance Practices Act (CUIPA).
The court agrees with the defendant that while both notice and proof of loss are facets of an insurance claim, they are distinct and separate acts. Notice is to apprise the insurer of the fact of the loss while proof of loss is to enable the insurer to make a contemporaneous investigation of the details so as to protect itself from fraudulent and/or stale claims. Where there is delayed compliance, Connecticut courts allow the insured to demonstrate through sound factual basis that the insurer was not materially prejudiced by the insured's delayed compliance. Aetna Casualty Surety Co. v. Murphy, 206 Conn. 409 (1988) (wherein the Court held that although the insurer was not automatically discharged because of the delay of the insured in giving notice of an insured loss, the insurer was entitled to summary judgment where no sound factual basis existed for the insured's claim that the insurer had not been materially prejudiced by delay). Without underestimating the importance of the proof of loss relating to the business interruption, this court is impressed with the fact that the insurance company representative was on the premises within one day of the flood, touched each damaged item, and witnessed the inability to conduct business for a time. The suspension of business CT Page 5729 operations was necessary due to the nature of the plaintiff's business.
The involvement by the insurer placed it on constructive notice as to the particular type of loss — that is to the fact that plaintiff's business was not operational for a period of time following the flood. What the insurer did not know is what that cost was. Because of the nature of the business, documentation for the business interruption loss could not be supplied until after the time period provided under the contract had expired. Nevertheless, the presence of the insurer and the particulars of his conduct in connection with the scene that he witnessed is enough to raise a material issue of fact as to the absence of prejudice sufficient to defeat the motion for summary judgment.