[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
Plaintiffs brings this action against their insurer alleging breach of contract. They claim that the defendant has not paid them for a loss suffered by them when a small workshop on the premises of their rental property burned down. The defendant moves for partial summary judgment claiming that it did not have to pay for the loss under either of two policies, a homeowners policy and a landlords policy, because the plaintiffs never submitted a proof of loss; the workshop was used in plaintiffs' business and was thus expressly excluded from the policies, and that the tools contained in the workshop were likewise not covered because of their commercial use. The plaintiffs object to the motion claiming that issues of fact exist.
In opposing summary judgment, the plaintiffs have submitted affidavits attesting that the workshop and tools therein were used in Philip Carta's hobby of building furniture for the family, and not used, at the time of the loss and for a period of years prior thereto, for business or commercial enterprises. In order to demonstrate the nonexistence of any material fact regarding the commercial use of the workshop and tools contained therein, defendant has submitted portions of one of the plaintiff's depositions. Deposition testimony, however, cannot be used to demonstrate the nonexistence of a fact. Esposito v. Wethered, 4 Conn. App. 641, 644-45 (1985). "At trial, in open court [the deponent] may contradict [his] earlier statement and a question for a jury to decide may then emerge." Id., 645. This is particularly true where, as here, the deponent has submitted affidavits directly contesting what the moving party contends the deposition testimony evidences. The defendant cannot therefore be entitled to summary judgment on these factual issues which it argues.
The defendant, however, also argues that it is entitled to summary judgment because the insurance contract calls for the plaintiffs to provide proof of loss within 60 days of the loss, and as plaintiffs failed to comply with this CT Page 8044 provision, they cannot recover under the contract. This case is similar to Wright v. Allstate Ins. Co., Judicial District of New Haven, Docket Number 297269, August 14, 1992. There, the defendant argued that plaintiff's noncompliance with notice and proof of loss provisions entitled it to summary judgment on plaintiff's claim. The court, Maiocco, J., denied summary judgment on the ground that Allstate may be estopped or have waived the right to raise this. The court quoted the following language MacKay v. Aetna Life Ins. Co., 118 Conn. 538,547 (1934): "The condition or warranty, the breach of which gives such right of avoidance, is subject to waiver either by express agreement or acts of the insurer from which waiver may be implied or estoppel asserted." The court then properly noted that whether there has been a waiver or an estoppel is an issue of fact. Wright, supra. Cf. International Design Center v. Federal Ins. Co., 7 CSCR 936 (July 10, 1992, Katz, J.) (issue of fact in failure to provide proof of loss claim regarding existence of prejudice to insurer.)
Therefore, questions of fact exist regarding the use of the workshop and the tools, or at least some of them, within the workshop. These questions cannot be resolved on this motion for summary judgment. Questions of fact also exist regarding defendant's claim that plaintiffs' failure to comply with proof of loss provisions prevents their recovery. Defendant may well demonstrate later that the building was a commercial workshop or that the tools were used in a commercial enterprise and therefore not covered under either policy, or that it did not waive the proof of loss provisions or that was prejudiced by the plaintiffs; noncompliance therewith.
But for now the defendant cannot demonstrate the nonexistence of facts which would demonstrate, as a matter of law, the policies' inapplicability. Therefore, the motion for summary judgment is denied.
It is so ordered.
HIGGINS, J.