[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
On July 1, 1991 the plaintiff, Elizabeth Murtha, filed a two count amended complaint against the defendants, Newington Orthotic Prosthetic Systems (hereinafter "NOPS"), NCH Affiliates, Jobst Service Center, and the Jobst Institute, Inc. (hereinafter "Jobst"). In the first count, the plaintiff alleges that her hands were burned in a fire and that on November 30, 1988 a representative of defendant NOPS measured the plaintiff's hands in order to fit orthopedic gloves which were needed to minimize scarring. Plaintiff alleges that on December 9, 1988 she received the gloves from defendant NOPS, and that on December 22, 1988 the plaintiff requested that defendant NOPS refit the gloves. Plaintiff alleges that on January 27, 1989 the plaintiff tried on the new gloves; however, the gloves were too loose, so a representative of defendant NOPS remeasured the plaintiff's hands. Plaintiff alleges the defendant NOPS lost these measurements, and that on February 14, 1989 a representative of defendant NOPS again remeasured the plaintiff. Plaintiff alleges that on February 28, 1989 the plaintiff received gloves which were the correct length. Plaintiff alleges that in June, 1989[1] the plaintiff saw her treating physician, Dr. Castiglione, who CT Page 4536 indicated that he would order new gloves for the plaintiff, and that before the new gloves arrived, defendant Jobst Service Center provided the plaintiff with temporary gloves. Plaintiff alleges that defendant NOPS was negligent in that it failed to provide properly fitting gloves to compress plaintiff's hands and prevent scarring, and that, as a result of defendant NOPS's negligence, plaintiff suffers from the permanent disfigurement of her hands.
In the second count, the plaintiff reiterates the allegations of the first count, and further alleges that defendant Jobst was negligent in that it failed to supply gloves which met the measurements prescribed by defendant NOPS. Plaintiff alleges that defendant Jobst's negligence caused the plaintiff to suffer the permanent disfigurement of her hands.
On July 16, 1991 defendants Jobst and Jobst Service Center filed an answer and special defenses to the amended complaint. The three special defenses are that the complaint fails to state a claim upon which relief can be granted, that the claim is barred by the statute of limitations, General Statutes 52-584, and that the plaintiff's injuries were not caused by any acts or omissions for which these defendants were responsible. On July 26, 1991 plaintiff filed a reply to these special defenses.
On November 12, 1991 defendants NOPS and NCH Affiliates filed an answer and special defenses. The two special defenses are that the plaintiff's claim is barred by the statute of limitations, General Statutes 52-584, and that the first count fails to state a claim upon which relief can be granted. On October 13, 1992 the plaintiff filed a reply to these special defenses.
On February 23, 1993 defendants NOPS and NCH Affiliates filed a motion for summary judgment, a memorandum of law in support thereof, excerpts of transcripts, and supporting documentation. On March 2, 1993 defendants Jobst and Jobst Service Center filed a motion for summary judgment, a memorandum of law in support thereof, excerpts of deposition transcripts, and supporting documentation. The ground for both motions CT Page 4537 for summary judgment is that the plaintiff's cause of action is barred by the applicable statute of limitations, General Statutes 52-584. The file contains a copy of the plaintiff's objection to the motions for summary judgment, together with a memorandum of law in support of the objection, the plaintiff's affidavit, Dr. Castiglione's affidavit, and supporting documentation.
Both motions for summary judgment were argued at short calendar on April 5, 1993.
Summary judgment may be granted when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17, 477 A.2d 1005
(1984). "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns, 207 Conn. 496, 502, 542 A.2d 700 (1988).
The defendants argue that the plaintiff's claim is barred by the statute of limitations, General Statutes52-584, because this statute requires that the action be brought within two years from the date when the injury is first sustained or discovered. The defendants argue that during February, 1989 the plaintiff was aware her scars were becoming worse because of the problems with the gloves. Defendants argue that the plaintiff did not commence the action until March, 1991; hence, the plaintiff failed to meet the two year statute of limitations of General Statutes 52-584. Plaintiff argues that she was not aware of the problems with the gloves until she spoke with Dr. Castiglione on May 19, 1989; therefore, by bringing her action during March, 1991, she met the two year statute of limitations.
 No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, . . . except that no such action may be brought more than CT Page 4538 three years from the date of the act or omission complained of. . . .
General Statutes 52-584.
An action is brought on the date process is served upon the defendant. Lacasse v. Burns, 214 Conn. 464, 475,572 A.2d 357 (1990). In the present case, service was made on all defendants on March 12, 1991. (Sheriff's Return).
"[General Statutes 52-584] requires that the injured party bring suit within two years of discovering the injury. . . . [A]n injury occurs when a party suffers some form of actionable harm." Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257 (1984). "Actionable harm" occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action, including the causal connection between the defendant's breach of duty and the resulting harm. Lambert v. Stovell, 205 Conn. 1,6, 529 A.2d 710 (1987); Catz v. Rubenstein, 201 Conn. 39,44, 513 A.2d 98 (1986). "The harm need not have reached its fullest manifestation before the statute begins to run." Burns v. Hartford Hospital, supra, 460.
In the present case, the defendants rely on the plaintiff's statements made in response to questions posed at a deposition in order to establish that during February, 1989 the plaintiff was aware that scar tissue was forming and that the formation of the scar tissue was caused by the lack of properly fitting gloves. (Memorandum of defendants Jobst and Jobst Service Center, pages 7-8; Memorandum of defendants NOPS and NCH Affiliates, pages 10-12). "A response to a question propounded in a deposition is not a judicial admission. General Statutes 52-200. At trial, in open court, the testimony of [the plaintiff] may contradict her earlier statement and a question for the jury to decide may then emerge. . . ." Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985).
Pursuant to the holding of Esposito v. Wethered, supra, the court should not rely on the plaintiff's deposition statements in order to establish that the CT Page 4539 plaintiff was aware that she had suffered an actionable harm by February, 1989.
 The plaintiff has submitted an affidavit, in which she states:
 The scars on my hands developed after March of 1989. . . .
 It was not until I received. . .new gloves (June, 1989), [that] I realized how Jobst garments should have fit and that all of the ones I had received prior to this time were not tight enough and did not fit appropriately.
The plaintiff's affidavit raises a factual issue with regard to when the plaintiff became aware that she had suffered actionable harm. Accordingly, genuine issues of material fact exist. The defendants' motions for summary judgment are denied.
Mary R. Hennessey, Judge