[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #104
I. FACTS
The plaintiff, Sebastiano Lagana, owner of the premises located at 78 Stack Street, Middletown, Connecticut, filed a two count complaint on July 24, 1992. The plaintiff alleges in count one that the defendant, Salvatore Lastrina, the lessee of 78 Stack Street, improperly stored combustible materials in the basement of the premises, and negligently caused a fire which damaged plaintiff's property. In count two, the plaintiff claims that the defendant created or maintained a condition that constituted a nuisance on plaintiff's property.
On September 10, 1992, the defendant filed an answer and special defense denying that defendant stored combustible materials at 78 Stack Street.
On March 1, 1993, the defendant filed a motion for summary judgment with attendant memorandum in support, deposition transcript of the plaintiff and affidavit of the defendant. On March 29, 1993, the plaintiff filed an opposition to defendant's motion for summary judgment with attendant memorandum, affidavit of the plaintiff, and deposition transcript of the plaintiff.
II. DISCUSSION
Summary judgment should be granted if the pleadings, affidavits and other proof show that there is no genuine issue of material fact and that the moving party is entitled to CT Page 5212 judgment as a matter of law. Practice Book Sec. 383; see also Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592
(1991).
In deciding a motion for summary judgment, the trial court must view the pleadings and the documents submitted in the light most favorable to the non-moving party. Connell v. Colwell, 214 Conn. 242, 246, 247, 571 A.2d 116 (1990).
"`Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984), quoting Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 199, 319 A.2d 403 (1972). "Summary judgment procedure is especially ill-adapted to negligence cases, where. . .the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." Spencer v. Good Earth Restaurant Corporation, supra, 198. The conclusion of negligence requires a finding of fact. Id.
It is found that genuine issues of material fact exist as to whether the defendant negligently stored combustible materials in the basement of plaintiff's property and whether the defendant had control of the basement of plaintiff's property.
The plaintiff alleges that the defendant negligently stored combustible materials and knew or should have known that defendant's actions created a dangerous situation. (Plaintiff's complaint, paragraph four of First Count). Secondly, the plaintiff alleges that the defendant created or maintained or failed to remedy a condition with regard to the storage of combustible materials which constituted a nuisance. (Plaintiff's complaint, paragraphs four and five of Second Count). Additionally, the plaintiff, asserts in his affidavit filed in opposition to the defendant's motion for summary judgment that the defendant had the only key to the basement of the premises during defendant's tenancy of 78 Stack Street.
The defendant alleges in his special defense that the combustible material which caused the fire was stored on the premises by the plaintiff or his agents, servants. . . or his family members. (Defendant's Answer, Special Defense, CT Page 5213 paragraph one).
In support of the motion for summary judgment, the defendant submits deposition testimony by the plaintiff, wherein the plaintiff admits he does not know who is responsible for the storage of combustible material in the basement which allegedly caused the fire and constituted a nuisance to the plaintiff. The defendant also submits an affidavit in which the defendant denies storing combustible materials in the basement of 78 Stack Street.
On the basis of plaintiff's deposition testimony and defendant's affidavit, the defendant argues there is no genuine issue of material fact as to whether the fire was proximately caused by the negligence of the defendant or whether the defendant created or maintained the condition that constituted a nuisance, and therefore, the defendant concludes that he is entitled to a judgment as a matter of law.
The defendant's reliance on the deposition testimony of the plaintiff to support the motion for summary judgment is inappropriate. In Esposito v. Wethered, 4 Conn. App. 641,645, 496 A.2d 222 (1985), the court stated that the "primary purpose of a deposition taken pursuant to Connecticut Practice rules is discovery." See also Carrol v. Topolski, 4 CTLR 658
(September 12, 1991, Santos, J.). "A response to a question propounded in a deposition is not a judicial admission. General Statutes Sec. 52-200." Id. "Thus, the [plaintiff's] testimony at trial may contradict or differ somewhat from [his] earlier statement[s] made at the time of [his] deposition. . . . A question for the jury to decide may result at that time." Carrol v. Topolski, surpa, 658; see also Esposito v. Wethered, supra, 645.
It is determined that the defendant may not rely on deposition testimony of the plaintiff as dispositive of the issue of whether defendant stored combustible materials in the basement of 78 Stack Street. Therefore, viewing the pleadings in a manner most favorable to the non-movant, it is decided that a genuine issue of material fact exists as to which of the parties stored the allegedly combustible materials.
An examination of the affidavits of both parties reveals a genuine issue of material fact as to which party maintained control of the basement of 78 Stack Street where CT Page 5214 the combustible material was allegedly stored.
III. CONCLUSION
On the basis of the pleadings, affidavits and the deposition testimony of the plaintiff, it is decided that the defendant has failed to demonstrate that there are no genuine issues of material fact as to who controlled the basement at 78 Stack Street and who stored the allegedly combustible materials there. Accordingly, the defendant's motion for summary judgment, as to both counts of plaintiff's complaint, should be and is hereby denied.
It is so ordered.
ARENA, J.