[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff moves for summary judgment on the issue of liability on the ground that the defendant's response to a question propounded in a deposition constitutes a judicial admission which establishes the defendant's liability for an automobile collision.
The plaintiff, Marino Kain, filed an amended complaint on February 25, 1991, alleging in a single count that on December 29, 1989, the defendant, Vivian Sinos, was operating a motor vehicle owned by the defendant, Sterling Custom Cabinets, Inc., in a westerly direction on Interstate 95 to the rear of the plaintiff's car. Sterling Custom Cabinets, Inc. is listed as a second defendant because it is the owner of the vehicle driven by Sinos on the day in question while Sinos was allegedly acting within the scope of her employment.
The plaintiff further alleges that he stopped his automobile because the traffic ahead of him was stopped due to dreary weather conditions. While the plaintiff was in a stopped position, he alleges, the vehicle driven by defendant Sinos collided with the rear of his vehicle. The plaintiff alleges that, thereafter, defendant Sinos drove away from the scene of the accident. The allegations of negligence against defendant Sinos are as follows: that she failed to keep a reasonable and proper lookout for other vehicles upon the highway; that she failed to slow down or stop the motor vehicle in time to avoid the collision; that she failed to keep and operate the motor vehicle under proper control; that she failed to turn the motor vehicle in time to avoid the collision; that she failed to give the plaintiff a timely warning, or any warning whatsoever, of the impending collision; that she violated the motor vehicle laws of the CT Page 143 State of Connecticut in operating the motor vehicle at a rate of speed greater than is reasonable having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions; that she violated the motor vehicle laws of the State of Connecticut in operating the motor vehicle with defective or inadequate brakes, unsafe tires, and in failing to drive a reasonable distance apart; and that she failed to apply her brakes in time to avoid a collision, although by a proper and reasonable exercise of her faculties she could and should have done so. The plaintiff alleges that as a result of the collision, he sustained severe and substantial injuries, incurred and continues to incur medical expenses, and will have an impairment and loss of earning capacity in the future. In their answer, the defendants denied the plaintiff's allegations of negligence.
Thereafter, on August 19, 1993, the plaintiff filed a motion for summary judgment on the ground that defendant Sinos had admitted to liability for the collision in a deposition taken by the plaintiff. As required by Practice Book 380 the plaintiff has filed a memorandum, deposition transcript, and police report in support of his motion for summary judgment. The defendants have timely filed a memorandum in opposition.
"Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524,530, 620 A.2d 99 (1993). In deciding a motion for summary judgment, this court must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell,214 Conn. 242, 246-47, 571 A.2d 116 (1990).
"[T]he courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citations omitted.) Esposito v. Wethered, 4 Conn. App. 641,644, 496 A.2d 222 (1985).
"[S]ummary judgment is to be denied where there exist `genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the court.'" (Citations CT Page 144 omitted.) United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379, 260 A.2d 596 (1969). Moreover, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Citations omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984).
In his memorandum in support of the motion for summary judgment, the plaintiff argues that "the defendant, Vivian Sinos, negligently followed too closely to the rear of plaintiff's motor vehicle and drove at an unreasonable rate of speed, given the traffic and weather conditions existing at the time in violation of 14-240 and 14-218a of the Connecticut General Statutes." The plaintiff further argues that the "liability of the defendant arises from Vivian Sinos' breach of these statutory duties to follow at a safe distance and operate at a reasonable speed, her failure to do so resulting in her vehicle colliding with another motor vehicle stopped in her lane of travel." The plaintiff supports these contentions with an excerpt from a deposition in which he claims defendant Sinos admitted her liability for the collision. The plaintiff notes that defendant Sinos admitted that the driving conditions were "slippery" and the weather was "very bad"; that defendant Sinos stated that, upon seeing the traffic come to a sudden halt, she slowed down and tried to avoid what she perceived to be an accident in front of her; and that defendant Sinos conceded that when she maneuvered her vehicle around the plaintiff's vehicle in an attempt to change lanes and avoid the congested traffic, she "tapped" the plaintiff's vehicle. The plaintiff argues that these statements, which were taken from a deposition, constitute an admission of liability on the part of defendant Sinos. Based on this deposition testimony from defendant Sinos, the plaintiff asks this court to award summary judgment in his favor.
"The primary purpose of a deposition taken pursuant to [Connecticut Practice Book rules] is discovery." (Citations omitted.) Esposito v. Wethered, supra, 645. "A response to a question propounded in a deposition is not a judicial admission. General Statutes 52-200." Id. "[A] disclosure on oath shall not be deemed conclusive but maybe contradicted like any other testimony." Piantedosi v. Floridia, supra, citing General Statutes 52-200; see also Murtha v. Newington Orthotic, Superior Court, judicial district of Hartford-New CT Page 145 Britain at Hartford, Docket No. 391768 (Hennessey, J., May 7, 1993) (where court held that plaintiff's statements in response to questions propounded at deposition did not constitute judicial admissions and, therefore, defendants' reliance on plaintiff's statements was insufficient to support summary judgment in their favor).
Against this background, at trial, the testimony of defendant Sinos may contradict her earlier statement or, more importantly the jury may find that defendant Sinos' conduct was reasonable under the circumstances. See Esposito v. Whethered, supra, 645. The parties stipulated that the highway was slippery and driving conditions were bad due to snowy weather. Moreover, at her deposition, defendant Sinos stated that the plaintiff's vehicle came to a sudden halt before the collision and that she tried to avoid hitting the plaintiff. There exist genuine issues of material fact which should be determined at trial. Accordingly, the plaintiff's motion for summary judgment is denied.
Mary R. Hennessey, Judge