SANDRA ESPOSITO ET AL. *v.* JOY WETHERED ET AL.
(3332)

DUPONT, C.P.J., BORDEN and GLASS, Js.

Argued June 10—decision released August 6, 1985

*Roy W. Moss,* for the appellants (plaintiffs).

*James E. Coyne,* for the appellee (defendant Southern Connecticut Gas Company).

GLASS J. The plaintiffs, Sandra Esposito and Anthony Esposito, brought this action against the defendants, Joy Wethered[1] and Southern Connecticut Gas Company (Southern), for damages arising out of

---

[1] The plaintiffs have appealed pursuant to Practice Book § 3001 which provides for an immediate appeal where a judgment disposes of the issues between the parties but the case remains undisposed as to other parties. The defendant Joy Wethered is not a party to this appeal.

a motor vehicle collision which resulted in personal injuries to the plaintiff Sandra Esposito and damage to an automobile owned by the plaintiff Anthony Esposito. After the pleadings were closed, Southern moved for summary judgment, claiming that, as to it, there is no genuine issue as to any material fact alleged in the complaint. The trial court granted the motion, and from the judgment rendered the plaintiffs appealed. We find error.

In the complaint, the plaintiffs allege that on June 17, 1977, the plaintiff Sandra Esposito was operating a motor vehicle owned by the plaintiff Anthony Esposito in a westerly direction on Post Road in Westport. In anticipation of making a left turn into a private parking lot, the plaintiff Sandra Esposito caused the vehicle operated by her to stop on Post Road in the inside westbound lane. At that time, a vehicle owned and operated by the defendant Joy Wethered was also traveling west and to the rear of the vehicle operated by the plaintiff Sandra Esposito. Also alleged in the complaint is that Southern was the owner of a vehicle left in a parked position on the roadway on the north side of Post Road. While Sandra Esposito was in a stopped position, her vehicle was struck by the vehicle operated by Wethered. The allegations of negligence against Southern are as follows: that its vehicle was allowed to remain in a parked position on the traveled portion of the highway; that its vehicle was allowed to remain in a hazardous position, causing injuries and damages to the plaintiffs; that it failed to warn the plaintiffs of the presence of its vehicle; that it failed to erect proper barriers and safeguards alerting other cars of the presence of its vehicle; and that it knew or should have known that by leaving its vehicle on the highway, it would increase the hazards to operators traveling in a westerly direction on Post Road, including Sandra Esposito. In their answers, both defendants denied the plaintiffs' allegations of negligence as to themselves.

Thereafter, Southern moved for summary judgment and, in support of its motion, submitted excerpts from a deposition of Sandra Esposito. These excerpts were that Southern's truck "wasn't on the road" nor "on the curb" but was parked with red flashing lights on what was "like a shoulder and up on the grass." In response to the question, "[d]id that truck cause a squeeze situation where two lanes would have to merge into one," she answered, "[n]o." Inquiry was then made as to whether "two lanes of traffic could go by the truck" and she answered, "[y]es." She also stated that about twenty vehicles passed between her vehicle and Southern's truck.

Thus, contrary to the allegations in the complaint, the deposition testimony of Sandra Esposito was that the vehicle of Southern was parked on the shoulder and grass of Post Road with red flashing lights and several vehicles passed her stopped vehicle before she was struck by the defendant Wethered.

In opposition to Southern's motion for summary judgment, the plaintiffs filed two documents consisting of excerpts from the deposition of the defendant Wethered and a copy of the police report of the investigating officer. According to the police officer's report, all of the motor vehicles had been moved by the time he arrived at the accident scene and, therefore, the police report contained no personal observations of the police officer. The plaintiffs could not, therefore, rely on that report to contest the summary judgment motion. *Fogarty* v. *Rashaw*, 193 Conn. 442, 444, 476 A.2d 582 (1984).

In substance, the defendant Wethered testified in her deposition that she saw Southern's truck about five car lengths away before she reached it and that it was positioned on about one-half of the outside travel lane. She testified that she saw the vehicle operated by Sandra

Esposito in the inside lane and that she did not see any signal lights. Her answer was unresponsive as to whether she could pass between that vehicle and Southern's vehicle. In determining Southern's motion for summary judgment, the trial court could consider the pleadings and the two depositions.

A motion for summary judgment may be filed by any party at any time, addressed to the claim or counter-claim, after the pleadings are closed as between the parties to the motion. Practice Book § 379. " 'The party moving for summary judgment has the burden of show-ing the absence of any genuine issue as to all the mate-rial facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d 382 (1971)." *Fogarty* v. *Rashaw,* supra, 445. If there is no genuine issue as to any material fact, the moving party is entitled to judg-ment forthwith as a matter of law. Practice Book § 384.

The testimony in the two depositions regarding the position of the truck on Post Road is in conflict. Sandra Esposito testified that the truck was not parked on the road or on the curb, but on the shoulder and grass of Post Road; the defendant Wethered testified that the truck was parked on about one-half of the westbound outside lane on Post Road. This conflicting testimony presents a genuine issue as to a material fact and reso-lution of this conflict is within the exclusive province of the trier. *Spencer* v. *Good Earth Restaurant Corpo-ration,* 164 Conn. 194, 199, 319 A.2d 403 (1972); *DiUlio* v. *Goulet,* 2 Conn. App. 701, 704, 483 A.2d 1099 (1984). " 'Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial

in the ordinary manner.' *Spencer* v. *Good Earth Restaurant Corporation,* [supra]." *Fogarty* v. *Rashaw,* supra, 446.

Southern argues that Sandra Esposito's disclosure under oath is conclusive on the issue of its negligence. Connecticut's Practice Book rules "provide guidelines to facilitate the discovery of information relevant to a pending suit. The primary purpose of a deposition taken pursuant to these provisions is discovery." *Sanderson* v. *Steve Snyder Enterprises, Inc.,* 196 Conn. 134, 139, 491 A.2d 389 (1985). Responses to interrogatories are not judicial admissions in contrast to admissions in a pleading or in open court. *Piantedosi* v. *Floridia,* 186 Conn. 275, 278, 440 A.2d 977 (1982); *Balboni* v. *Stonick,* 2 Conn. App. 523, 529, 481 A.2d 82 (1984). A response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200. At trial, in open court, the testimony of Sandra Esposito may contradict her earlier statement and a question for the jury to decide may then emerge. *Balboni* v. *Stonick,* supra, 529. We conclude that there were genuine issues as to material facts which should have been determined at a trial.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.