[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in the above entitled matter have instituted suit for money damages for personal injuries claimed to have been CT Page 158 sustained as a result of the negligence of the defendant in the operation of a motor vehicle. The plaintiffs claim, inter alia, that the defendant failed to bring his motor vehicle to a stop pursuant to a stop sign. The materials before the court indicate that the stop sign was obscured by brush.
In the determination of a motion for summary judgment, the facts must be reviewed in a light most favorable to the non-moving party and to grant the motion, the facts must entitle the moving party to a directed verdict. Nolan v. Borkowski, 206 Conn. 495,500, 505 (1988); Batick v. Seymour, 186 Conn. 632, 647 (1982). The issues of negligence are ordinarily not susceptible to determination by summary judgment. Fogarty v. Rashaw, 193 Conn. 442,446 (1984); Esposito v. Wethered, 4 Conn. App. 641, 644
(1985). In the present case the court cannot conclude as a matter of law, that there is no genuine issues of material fact with respect to the issues of liability.
Accordingly, the motion for summary judgment is denied.
RUSH, J.