[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #125 CT Page 7146
The present action by William E. Espowood, Conservator of James Francis Smith, an incapable, and Barbara Smith, wife of James Francis Smith, arises out of a railroad crossing collision which occurred on April 20, 1988. Plaintiffs' incapable, an employee of Whyco Chromium Co., Inc. ("Whyco"), was operating a truck owned by Whyco in the course of his employment at the time of the collision. While driving over a private rail crossing located near Whyco's factory, plaintiffs' incapable was struck by defendant Springfield Terminal Railway Company and Defendant B M Corporation's freight train which was operated by defendant Marc Belliveau (hereinafter collectively referred to as the "Railroad Defendants"). As a result of the collision, plaintiffs' incapable incurred serious brain and bodily injuries which have confined him to a hospital.
The present action was also brought against the Town of Thomaston, Eugene McMahon, and Richard Thompson (hereinafter collectively referred to as the "Municipal Defendants") for to erect and maintain traffic control devices, or order their erection at the cite of the collision in accordance with General Statutes 13b-292 (b).
On February 26, 1990, the Railroad Defendants moved for permission to cite in Whyco as a third-party defendant for purposes of apportionment of damages in this action pursuant to General Statutes 52-572h; simultaneously, the Railroad Defendants moved to implead Whyco as a third-party defendant for indemnification and contractual indemnification. In the third-party complaint, the Railroad Defendants allege that Whyco, as owner of the crossing at which the accident took place, owed certain contractual and common-law duties to the Railroad Defendants to maintain the safety of the crossing and to protect the crossing, and that this special relationship between Whyco and the Railroad Defendants gave rise to claims for indemnification and apportionment. The court, Gormley, J., granted the motion to implead on March 12, 1990 and Whyco was served with the first party and third-party complaints.
On December 11, 1991, Whyco filed a motion to strike the claims for common-law indemnification and for apportionment, but not the claim for contractual indemnification, claiming that it was immune from liability pursuant to the "exclusive remedy" provisions of General Statutes 31-284 (a). On May 6, 1991, the court, Schimelman, J., denied Whyco's motion.[1] Whyco has since CT Page 7147 filed an answer to the third-party complaint.[2]
On April 25, 1991, the Railroad Defendants filed an answer with six special defenses. They allege in their second special defense that plaintiffs' injuries and damages were caused by acts and omissions of Whyco. They allege in their fifth special defense that damages should be apportioned to Whyco and not the Railroad Defendants. On May 13, 1991, plaintiffs filed an answer denying all six special defenses.
On June 7, 1991, Municipal Defendants filed an answer to plaintiffs' complaint with two special defenses. They allege in their second special defense that Whyco and the Railroad Defendants were the active and proximate cause of plaintiffs' incapable's injuries. On June 14, 1991, plaintiffs filed an answer denying both special defenses.
On May 1, 1992, pursuant to Practice Book 379 et seq., plaintiffs filed the pending motion for partial summary judgments as to the Railroad Defendants' second and fifth special defenses and the Municipal Defendants' second special defense. Plaintiffs have filed a supporting memorandum of law and an affidavit from Herbert Watstein, their attorney, in support of the pending motion. The Railroad defendants filed an opposing memorandum of law on June 4, 1992. The Municipal Defendants filed an opposing memorandum of law on June 9, 1992. The plaintiffs also filed a supplemental memorandum of law directed to the Railroad Defendant's memorandum dated June 4, 1992.
In support of their motion for partial summary judgments, plaintiffs first argue that Connecticut rules of procedure allow for judgment to be entered for a plaintiff as to certain defenses. Plaintiff cite to Practice Book 379 which provides that "any party may move for a summary judgment, provided that the pleadings are closed as between the parties to that motion." Plaintiff also cites to 1E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) 162c, p. 647, which suggests that because our summary judgment rule provides that "any party" may make a motion for summary judgment, "the court should also be able to enter a judgment for the plaintiff as to certain defenses even though other defenses remain to be tried." Finally, plaintiffs propose that because our summary judgment rules were fashioned after the federal rules, a plaintiff should be allowed to test the sufficiency of a defense in order to "avoid the delay and expenses of a full trial when the action involves only a legal point and there are not triable issues of fact." The defendants argue conversely, that Connecticut procedure does not provide for partial summary judgment which, if granted, would not result in a final judgment. CT Page 7148
Although the issue have not yet reached the appellate level, the question of whether a plaintiff may obtain a judgment against a defendant's special defenses has been addressed in several superior court decisions.[3] In H.R. Hillary Co. v. Crystal Mall Associates, supra, a plaintiff sought to have the court enter judgment in its favor on the defendant's two special defenses. In denying the plaintiff's motion, the court provided the following analysis:
 The summary judgment provisions of the Connecticut Practice Book (Section 378 through Section 384) provide that if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, the judgment for summary judgment may be filed by any party at any time addressed to the claim or counterclaim, after the pleadings are closed. . . .' Esposito v. Wethered, 4 Conn. App. 641, 644 (1985) (emphasis supplied) . . . . Judgments are rendered on complaints or on counterclaims, but there is no provision under Connecticut practice for a `judgment' to be entered on a special defense.
 It may well be that it would be a salutary practice for our procedure to permit an interlocutory ruling that no material issues of fact exists as to a specific portion of a claim, and indeed it may be that our request for admission procedure accomplishes this, at least to some degree, but on the state of Connecticut procedure as it exists today, plaintiff is not entitled to a judgment simply because the first and second special defenses raised by the defendant are apparently not meritorious.
Id., 324-25.
This court agrees with and adopts the holding in Hillary, which represents the majority view. As this is dispositive of the motion for summary judgment, it is not necessary for the court to entertain any additional issues raised by the parties.
Accordingly, plaintiffs' motion for summary judgment is denied. CT Page 7149
MAIOCCO, JUDGE