[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs move for summary judgment on the issue of liability relying solely on deposition testimony to establish the nonexistence of a genuine issue of material fact.
Edward Chaves and his wife Tammy Chaves filed a two-count complaint, dated November 3, 1992, sounding in negligence against David Kerfoot and Allan Goldman. Count one alleges the defendants' negligence towards Edward Chaves and his resulting injuries and count two alleges Tammy Chaves's loss of consortium. The plaintiffs' claims arise out of an accident that occurred in October of 1992. At the time, defendant Allan Goldman employed David Kerfoot as a driver of a dump truck. On October 21, 1992, Goldman instructed Kerfoot to bring the truck to a private parking lot on Burnham Street in South Windsor in order to have the plaintiff, Edward Chaves, inspect the brakes on the truck. While he was under the truck during the course of his inspection of the brakes, the plaintiff asked Kerfoot to raise the body of the truck. In order to do so, Kerfoot reached into the truck and turned on the ignition without depressing the clutch. At the time, the truck was in gear. As a result, the truck lurched, trapping Edward Chaves beneath the rear wheels.
Plaintiffs allege that Kerfoot was negligent in turning on the ignition while the truck was in gear without engaging the clutch; in failing to take the truck out of gear; and in failing to lock the brakes. The plaintiffs allege that Kerfoot was at all relevant times acting as Goldman's agent, CT Page 10116 servant or employee, making Goldman liable for Kerfoot's negligence.
The plaintiffs have filed a motion for summary judgment on the issue of liability, together with supporting memoranda of law, affidavits from both plaintiffs attesting to the injuries and damages they suffered, and excerpts from the deposition of Kerfoot. The defendants have filed an objection to the plaintiffs' motion for summary judgment with a supporting memorandum of law.
Summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993). "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." (Citations omitted.) Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1988).
In support of their motion for summary judgment, the plaintiffs argue that admissions by Kerfoot in his deposition establish his negligence and that his negligence was the legal cause of the plaintiffs' injuries. During the deposition, Kerfoot admitted that he knew that the truck would lurch if the ignition was turned on while the truck was in gear and the clutch not engaged. In opposition, the defendants argue that although there is no factual dispute about the events leading to the accident, there is a dispute about who was negligent.
In the present case, the only evidence proffered by the plaintiffs to establish the nonexistence of a genuine issue as to Kerfoot's negligence is excerpts from defendant Kerfoot's deposition testimony. "The primary purpose of a deposition . . . is discovery . . . . A response to a question propounded in a deposition is not a judicial admission. General Statutes52-200. At trial . . . [the deponent] may contradict her earlier statement and a question for the jury to decide may then emerge." (Citations omitted; internal quotation marks omitted.) Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985). Therefore, deposition testimony may not be used to establish the absence of a genuine issue of material fact regarding the negligence of the defendant. Id.; see also Iannuzzi v. Home Depot U.S.A., 9 Conn. L. Rptr. 159 (June 28, CT Page 10117 1993, Ballen, J.) (deposition testimony not conclusive on issue of negligence).
Since the plaintiffs failed to offer any other evidence to show the absence of a genuine issue of material fact, the plaintiffs' motion for summary judgment is denied.
Mary R. Hennessey, Judge