[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The present action arises out of the execution of a search warrant by the defendants at a variety store and restaurant owned by David Gordon, one of the plaintiffs. On December 1, 1989, a request for a warrant to search the premises of Gordon's Westside Restaurant at 870 Maplewood Avenue in Bridgeport for CT Page 2480 drugs, drug paraphernalia, and weapons was granted. On December 6, 1989, Bridgeport police officers executed the warrant. At that time David Gordon, Shawn Gordon, Patrick White, and Easton Johnson were present. Shawn Gordon was arrested and subsequently charged with interfering with a search. David Gordon was arrested and charged with resisting arrest, interfering with a search, and carrying a pistol without a permit. Patrick White was arrested and charged with interfering with a search. Easton Johnson was allegedly handcuffed, placed on the floor, and stepped on. The state did not prosecute any of the charges.
On May 3, 1990, the plaintiffs filed a seven count complaint against ten police officers and the city of Bridgeport. In count one, the plaintiffs allege violations of42 U.S.C. § 1981, 1983, 1986, and 1988, claiming that the defendants lacked probable cause to make any of the arrests or handcuff the plaintiffs and that $500.00 was taken from White's wallet by defendant Villegas and $1,179.00 was taken from David Gordon's cash register without a subsequent receipt or inventory. In count two, the plaintiffs allege that the city of Bridgeport has had a custom or policy of condoning or encouraging civil rights violations by its police officers. In count three, the plaintiffs claim that the acts alleged in count one constitute violations of rights guaranteed under the state constitution. In count four, the plaintiffs allege that the arrest of David Gordon by defendant Domkowski without probable cause and the arrests of Shawn Gordon and Patrick White, also without probable cause, at the direction of defendants Villegas and Pisanelli constitute false arrest, false imprisonment and malicious prosecution. In count five, the plaintiffs allege assault and battery by Villegas, Domkowski, and others whose identities are as yet unknown. In count six, the plaintiffs allege negligent infliction of emotional distress. And in count seven, David Gordon and Patrick White allege that the defendants stole their money. The complaint is accompanied by affidavits from all the plaintiffs.
A request for permission to file a motion for summary judgment and the motion itself was filed on September 16, 1993. Permission was granted on October 18, 1993 (McKeever, J.). The motion for summary judgment is brought by three of the eleven defendants, police officers Cardozo, Cueto, and Domkowski ("movants") as to all claims against them. Accompanying the motion are a memorandum of law in support of the motion for CT Page 2481 summary judgment and exhibits which include copies of deposition testimony, Domkowski's affidavit, arrest reports, and the search warrant application. The plaintiffs filed "supplement memorandum" in opposition to the motion for summary judgment, dated September 30, 1993, and a "second supplemental memorandum" in opposition to the motion for summary judgment, dated November 1, 1993. The plaintiff's supporting documentation includes the police incident report of the search, documents from the Office of the State's Attorney, summaries of five of the defendant's statements to Office of Internal Affairs personnel, and a New York Times article. On December 14, 1993, the defendants filed a reply memorandum in support of the motion for summary judgment, accompanied by excerpts from deposition testimony. The plaintiffs filed a response to the reply memorandum on January 14, 1994.
In considering a motion for summary judgment, the applicable standard is that the motion should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Id., 530. A motion for summary judgment should be supported by "affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. Uncertified or unauthenticated evidence does not constitute proof or documentary evidence upon which summary judgment may be based. Langlais v. The Guardian Life Insurance Co. of America, 7 Conn. L. Rptr. 34, 35 (August 3, 1992, Lewis, J.).
The movants first argument for summary judgment addresses the claims of Patrick White. The movants argue that the allegations in the complaint concerning White's arrest in count four and the theft of his money in count seven, name particular defendants, none of whom are presently moving for summary judgment. The movants argue that with respect to these counts, White makes no allegations of wrongdoing on their parts and therefore they are entitled to summary judgment on counts four and seven.
As to the fourth count, in which the plaintiffs allege that White's arrest was made without probable cause and was carried CT Page 2482 out at the direction of officers Villegas and Pisanelli, the complaint clearly indicates that the plaintiffs are alleging that unnamed individuals, acting on the direction of the two officers, wrongfully arrested White. The plaintiffs, by referring to other individuals as well as the named officers, have alleged that the movants may be liable for the misconduct alleged in the count. Reading the complaint most favorably to the plaintiffs, the movants have not shown that they are not implicated by this count.
As to the seventh count, in which plaintiffs incorporate count one and allege that the defendants are liable for the money taken from both White and David Gordon, the movants point out that White identified Villegas as the individual who took money from his wallet. The movants argue that since White does not accuse them of actually taking the money, they are entitled to summary judgment on this count.
Under 386 of the Practice Book, a court may grant partial summary judgment where part of a claim is admitted or where a defense applies to only part of a claim. Practice Book 386; Schofield v. Bic Corp., 3 Conn. L. Rptr. 229 (January 31, 1991, Fuller, J.). However, courts have not allowed "summary judgment for a defendant against a plaintiff on some but not all of the allegations of a single count of a complaint." Id., 230. Summary judgment cannot be granted unless the defendant can show no issue of fact exists as to all the issues in a particular count. Id., citing Telesco v. Telesco, 187 Conn. 715, 718, 719,447 A.2d 752 (1982). In count seven, plaintiffs allege that money was taken from both Paul White and David Gordon. However, the movants address only the allegations concerning Paul White. The court cannot grant summary judgment on the issue of the movants' liability to Paul White, since they have not also shown the absence of material fact with respect to the allegations in the count that concern David Gordon.
The movants next argue that they are entitled to summary judgment because the plaintiffs will not be able to identify which of the individual defendants is responsible for the various acts of misconduct claimed by the plaintiffs. Further, Defendants Cardozo and Cueto argue individually that they are entitled to summary judgment on all claims because "neither the complaint nor the testimony of the parties or witnesses supports the claims that Officers Cardozo and Cueto participated in any of the conduct alleged in the complaint." Memorandum of Law in CT Page 2483 Support of Motion for Summary Judgment, dated September 15, 1993. Defendant Domkowski argues separately that as to count five, in which it is alleged he committed an assault and battery, he is entitled to summary judgment because the plaintiffs will not be able to prove he committed the alleged acts. To support the arguments above, the movants rely entirely on the deposition testimony of the plaintiffs and other witnesses.
Deposition testimony may not be used to establish the nonexistence of a material fact because, pursuant to General Statutes 52-200, responses to questions propounded at a deposition do not constitute judicial admissions. Esposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985). The individual deposed may testify differently at trial, thereby creating a question for the jury. Id.; see also Lagana v. Lastrina, 9 Conn. L. Rptr. 178 (May 27, 1993, Arena, J.). Since deposition testimony does not constitute a judicial admission, the court cannot rely on this evidence to conclude that no material fact exists and that as a matter of law the plaintiffs cannot prove their case. Since the movants rely on deposition testimony to support their motion for summary judgment, they have not met their burden of showing the nonexistence of a material fact and that they are entitled to judgment as a matter of law.
In addition to the arguments discussed above, defendant Domkowski makes additional arguments to support the motion for summary judgment. Defendant Domkowski argues separately that, as to count four, in which it is alleged that he committed false arrest, false imprisonment, and malicious prosecution in arresting David Gordon, he is entitled to summary judgment on the grounds that to the extent that he participated in the arrest of David Gordon, the arrest was made with probable cause. Under Connecticut law, "[t]he existence of probable cause is an absolute protection against an action for malicious prosecution and what facts, and whether particular facts, constitute probable cause is always a question of law." Brodrib v. Doberstein, 107 Conn. 294, 296, 140 A.2d 483 (1928). However, "when the facts themselves are disputed, the court may submit the issue of probable cause in the first instance to a jury as a mixed question of fact and law." DeLaurentis v. New Haven,220 Conn. 225, 252-53, 597 A.2d 807 (1991).
The Domkowski motion relies on David Gordon's deposition CT Page 2484 testimony to establish the existence of probable cause for the arrest. The court may not consider the deposition testimony for the reasons discussed above. In the absence of that testimony, a factual dispute arises as to what occurred on the premises when the police executed the search warrant because Gordon and Domkowski provide differing versions of the events in their respective affidavits. This factual dispute must be resolved by a trier of fact before a determination may be made that probable cause did or did not exist to arrest David Gordon. Therefore, the court may not grant summary judgment in favor of Domkowski on the basis that probable cause existed to arrest David Gordon.
Domkowski next argues that he is entitled to summary judgment because he is immune from suit. Under Connecticut law, municipal employees are generally immune from suit for their discretionary acts. Evon v. Andrew, 211 Conn. 501, 505,559 A.2d 1131 (1989). This immunity is qualified by several exceptions, one of which is that where the acts alleged involve malice, wantonness or intent to injure rather than negligence, the immunity does not apply. Id. For example, a police officer sued for false arrest under 42 U.S.C. § 1983, has only a qualified immunity. Petyan v. Ellis, 200 Conn. 243, 252,510 A.2d 1337 (1986).
The defendant relies principally on a federal case, Cartier v. Lussier, 955 F.2d 841 (2d Cir. 1992), to support his argument that whether a qualified immunity protects him from the plaintiffs' claims is a question of law. In that case, a Connecticut state trooper who obtained arrest warrants for certain individuals was awarded summary judgment in an action brought by those individuals for wrongful arrest. Id. The court acknowledged, however, that summary judgment was inappropriate if there were factual disputes material to resolving the applicability of the doctrine. Id. Since an arrest warrant was at issue, the court considered whether the affidavit accompanying the warrant was sufficient to support a reasonable officer's belief that probable cause existed, even after correcting for material misstatements or omissions. Id. Finding the affidavit met that standard, the court granted summary judgment. Id. 845.
This case is inapposite to the case at bar. In the present case, the police officers did not have an arrest warrant from which this court could determine whether the police had probable cause to arrest the plaintiffs. Rather, in the case at bar, the CT Page 2485 police themselves allege that they arrested the plaintiffs because of how they reacted when the police searched the premises. As discussed above, there are factual disputes about what occurred at the premises that make it inappropriate for the court to determine whether the officers, including Domkowski, had probable cause and therefore are protected by the qualified immunity defense. Genuine issues of material fact exist and, therefore, the movants' motion for summary judgment is denied.
SAMUEL S. FREEDMAN, J.