[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In her complaint, the plaintiff, Raya Arisien, alleges that on November 24, 1987, she was injured when she fell down in a parking lot due to an accumulation of ice, which the defendant, Matty's Paving and Construction Company, negligently and carelessly "failed to remove, or failed to adequately remove said ice" and "failed to remedy said slippery conditions or failed to adequately remedy said slippery conditions." The plaintiff also alleges that the defendant breached its contract with Hemingway Bartlett (Belding Hemingway), the owner of the parking lot and the plaintiff's employer, by failing to remove ice and apply abrasive material.
In its special defense, the defendant alleges that the plaintiff negligently failed to keep a proper lookout.
On November 5, 1992, the defendant filed a motion for summary judgment on the ground that there are no issues of fact in dispute. The defendant also submitted a memorandum of law, affidavit of Patrick Graziano, the owner of Matty's Paving and Construction Company, and uncertified deposition transcripts of CT Page 3390 Raya Arisien and Dennis Daveluy. In his affidavit, Mr. Graziano states that November 12, 1987 was the last time that the defendant removed snow and sanded the lot before the incident and that there were no snow falls between November 12 and the date of the incident.
The plaintiff has filed an objection to the defendant's motion for summary judgment and a memorandum of law in support of its objection. The plaintiff also submitted uncertified deposition testimony, the employer's report of injury, and the affidavit of Raya Arisien.
A motion for summary judgment should be granted if there are no genuine issues of fact in dispute and the movant is entitled to judgment as a matter of law. Practice Book 384, Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). The evidence must be viewed in the light most favorable to the plaintiff. Id. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988).
On a motion for summary judgment, the court should not consider deposition testimony that is not certified by the deponent. Balderston v. Shoals Construction, Inc.,9 Conn. L. Rptr. 343, 343-44 (July 1, 1993, Lewis, J.), citing Esposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985). "[T]he allowable scope of inquiry at a discovery deposition clearly exceeds the boundaries of admissible evidence." Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134, 139, 491 A.2d 389
(1985).
The defendant argues that its contract with Hemingway Bartlett only required that the defendant remove snow from the parking lot and perform sanding services thereon after a snowfall. The defendant would perform additional services only on specific request. The defendant argues that the last request was on November 12, 1987, and that there were no new snowfalls from that time until November 24, 1987, when the plaintiff fell. The defendant also argues that the plaintiff has failed to provide evidence showing that she actually fell on ice in the lot, because in her deposition, the plaintiff said that she could not remember seeing ice in the lot and does not know what she fell on. CT Page 3391
The plaintiff argues that whether the plaintiff slipped on the ice is a question of fact in dispute. The plaintiff also argues that the terms of an oral or implied contract are a question of fact and that whether there has been a breach is a question of fact.
"`Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984). In addition, the intent motive or good faith of the parties is usually an issue of fact that should not be resolved in a motion for summary judgment. Wadia Enterprises, Inc. v. Hirshfield, 224 Conn. 240, 250, 618 A.2d 506 (1992). However, even with respect to questions of intent, motive or good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact. Ibid 240.
There are issues of fact here which the trier must resolve. Therefore, the defendant's motion for summary judgment is denied.
/s/ William J. Sullivan WILLIAM J. SULLIVAN, J.