[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The present action arises out of a motor vehicle accident which allegedly occurred on June 5, 1991, wherein the plaintiffs, Carl and Margaret Matyskiela, allegedly sustained serious and permanent physical injuries. The plaintiffs filed a complaint, dated May 13, 1993, against Diane Yourous and Serge Shamelt.[1] The plaintiffs allege that Diane Yourous, the operator of a vehicle owned by Serge Shamelt, negligently, carelessly and/or recklessly caused the vehicle to collide with the plaintiffs' vehicle, thereby causing the plaintiffs to sustain injuries.
On May 21, 1993, the plaintiffs filed a two count complaint against the defendant, Geico General Insurance Co. In count one of the complaint, the plaintiffs allege that the defendant breached and violated the terms of the plaintiffs' automobile insurance policy in refusing to make payment on the plaintiffs' underinsured motorist benefits claim regarding the injuries allegedly sustained by Margaret Matyskiela. Similarly, in count two of the complaint the plaintiffs allege that the defendant also breached and violated the terms of the plaintiffs' automobile insurance policy in refusing to make payment on the plaintiffs' underinsured motorist benefits claim regarding the injuries allegedly sustained by Carl Matyskiela.
On April 4, 1994 prior to filing an answer to the plaintiff's complaint, the defendant filed a motion for summary judgment. In support thereof, the defendant submitted a memorandum of law, a copy of the complaint filed by the plaintiffs against Diane Yourous and Serge Shamelt, two affidavits of Lina Peculic dated, July 30, 1993 and November 24, 1993, a copy of Serge Shamelt's answers to the plaintiffs' interrogatories, a copy of the police accident report, and a copy of the estimate of damage report regarding Serge Shamelt's vehicle. In opposition to the motion for summary judgment, the plaintiffs filed a memorandum of law and a copy of General Statutes § 38a-336(b) and (d). Thereafter, the defendant submitted a copy of Florestal v. GovernmentEmployees Ins. Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128409 (April 4, CT Page 6891 1994, Dean, J.) for the court's consideration. In response, the plaintiffs submitted a copy of Nationwide Ins. Co. v.Gode, 187 Conn. 386, 446 A.2d 1059 (1982), overruled in part,220 Conn. 30, 36, 594 A.2d 977 (1991).
The following facts are undisputed. At the time of the accident, the plaintiffs were covered by an insurance policy issued by the defendant that gave the plaintiffs, in addition to other insurance coverage, uninsured/underinsured motorist protection in the sum of $100,000 per person/$300,000 per occurrence. Affidavit of Lina Peculic dated July 30, 1993. Diane Yourous and Serge Shamelt were also covered by insurance at the time of the accident. Their insurance policy, which provides them with single limit liability of $300,000, was also issued by the defendant. Affidavit of Lina Peculic dated November 24, 1993; answer of Serge Shamelt to question #7 of the plaintiffs' interrogatories.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524,530, 620 A.2d 99, cert. denied, ___ U.S. ___, 114 S.Ct. 176,126 L.Ed.2d 136 (1993). A material fact is simply a fact which will make a difference in the result of the case. Gencov. Connecticut Light Power, 7 Conn. App. 164, 167,508 A.2d 58 (1986). In determining whether any genuine issue of material fact exists, the evidence is viewed in the light most favorable to the nonmoving party. Connell v. Colwell,214 Conn. 242, 246-47, 571 A.2d 116 (1990).
"To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citations omitted.) Esposito v. Wethered,4 Conn. App. 641, 644, 496 A.2d 222 (1985). "[T]he evidence thus presented if otherwise sufficient is not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579,573 A.2d 699 (1990). Rather, the opposing party "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations CT Page 6892 omitted.) Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317, 477 A.2d 1005 (1984). "Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." (Citations omitted.)Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12,459 A.2d 115 (1983).
The defendant argues that it is entitled to summary judgment because, at the time of the accident, the amount of liability insurance on the tortfeasor vehicle was not less than the plaintiffs' underinsured coverage. It follows, the defendant argues, that the tortfeasor vehicle was not "underinsured" as a matter of law and that, therefore, summary judgment must be rendered in its favor.
In response, the plaintiffs argue that, "[w]hile it is undisputed that the tortfeasor carried a $300,000.00 single limit policy, it is completely unknown how that policy will be distributed amongst the two (2) named [p]laintiffs." Plaintiffs' memorandum of law dated April 21, 1994, p. 4. For example, the plaintiffs argue, "if Carl Matyskiela recovered $250,000.00 and Margaret Matyskiela recovered $50,000.00, then Margaret would be able to pursue an underinsured motorist claim and Carl would not." Plaintiffs' memorandum of law dated April 21, 1994, p. 4. The plaintiffs argue that the amount actually recovered by an individual plaintiff must be compared with the individual plaintiff's uninsured coverage amount before it can be determined whether the tortfeasor's vehicle is underinsured. Thus, the plaintiffs argue, genuine issues of material fact will continue to exist regarding whether one of them is underinsured "until the liability actions pending against the tortfeasors are resolved." Plaintiffs' memorandum of law dated April 21, 1994, pp. 5-6.
In order for an insured individual to make an underinsured motorist claim, the tortfeasor's vehicle must have been "underinsured," under General Statutes § 38a-336, at the time of the accident. See Travelers Ins. Co. v. Kulla,216 Conn. 390, 394, 579 A.2d 525 (1990). The application of General Statutes § 38a-336 involves two separate inquiries: "First, it must be determined whether the tortfeasor's vehicle is an `underinsured vehicle' within the meaning of the statute. Second, after this determination is made and CT Page 6893 underinsured motorist coverage is found to be applicable, the finder of fact calculates the amount of the award to be paid the victim." Covenant Ins. Co. v. Coon, 220 Conn. 30, 33,594 A.2d 977 (1991).
An "underinsured vehicle" is defined, in General Statutes
§ 38a-336 (d),[2] as:
 a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subsection (b) of this section.
In determining whether a motor vehicle is `underinsured' the total of all liability insurance coverage available to an individual claimant must be compared to the amount of underinsured motorist coverage in each of the policies against which the victim has a claim. Only "[i]f the total of the liability insurance is less than the uninsured motorist limits of the individual's policy, . . . [does] the uninsured motorist coverage become applicable." Covenant Ins. Co. v.Coon, supra, 220 Conn. 34. Thus, "the definition of `underinsured motor vehicle' . . . must first be satisfied in order for a claimant seeking such coverage to prevail."Travelers Ins. Co. v. Kulla, supra, 216 Conn. 394. "The fact that liability coverage has . . . been exhausted because of multiple claims does not change the effect of the statute in activating uninsured motorist coverage only when the liability insurance of the tortfeasor is less in amount." AmericanMotorists Ins. Co. v. Gould, supra, 213 Conn. 633.
Under General Statutes § 38a-336(d), it is the amount that a claimant could potentially receive under the tortfeasor's liability insurance policy, rather than the amount the claimant actually receives at a later date, which should be compared with the claimant's underinsured motorist coverage to determine whether the tortfeasor's vehicle was underinsured at the time of the accident. Florestal v.Government Employees Ins. Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128409 (Dean, J., April 4, 1994). See also American Motorists Ins.CT Page 6894Co. v. Gould, supra, 213 Conn. 631 (General Statutes § 38a-336(d) only "permit[s] the injured party to recover the amount he would have received had the tortfeasor been insured to the same extent as the injured party," because the statute "could not have been intended to place the insured who is injured by an underinsured motorist in a better position than one who is harmed by a motorist having the same insurance as the insured").
The plaintiffs' reliance, in their memorandum of law, onStephan v. Pennsylvania General Ins. Co., 224 Conn. 758,621 A.2d 258 (1993) and Buell v. American Universal Ins. Co.,224 Conn. 766, 621 A.2d 262 (1993) is misplaced, because in those cases the insurance companies
 did not dispute the fact that the claimants were covered under their uninsured motorist policies. Rather, in both cases the issue was whether the language of the claimant's policy permitted the insurance company to reduce the damages owed to the claimants by taking credit for payments made to others injured in the accident.
Florestal v. Government Employees Ins. Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128409 (Dean, J., April 4, 1994). In the present matter, in contrast, the defendant insurance company is contesting the plaintiffs' claim that they are covered by their uninsured motorist policies. The analysis set forth above must be utilized to determine whether the tortfeasor vehicle was underinsured at the time of the accident.
In the present case, the amount of liability coverage potentially available to the plaintiffs is $300,000, while the amount of the plaintiffs' underinsured motorist coverage is only $100,000 per person/$300,000 per accident. Thus, the amount of liability coverage potentially available to the plaintiffs is not less than the amount of the plaintiffs' underinsured motorist coverage. Therefore, the vehicle owned by Serge Shamelt and operated by Diane Yourous, which allegedly collided with the plaintiffs' vehicle and caused the plaintiffs to sustain injuries, was not "underinsured" within the meaning of General Statutes § 38a-336(d). Accordingly, the defendant's motion for summary judgment is granted. CT Page 6895
Mary R. Hennessey, Judge