[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #106
The instant action arises out of a slip and fall incident. CT Page 4287 Plaintiff Anna Kavasansky alleges that on April 17, 1991, she slipped and sustained physical injuries while on the premises owned by defendant Stop Shop Companies, Inc. The plaintiff alleges that the defendant was negligent in its maintenance of the entrance to its premises.
On August 17, 1993, the defendant filed a motion for summary judgment (#106), which seeks judgment based upon the plaintiff's deposition testimony.
Deposition testimony is not conclusive on the issue of negligence. Ianuzzi v. Home Depot, 9 Conn. L. Rptr. No. 6, 159 (June 28, 1993, Ballen, J.) citing Esposito v. Wethered, 4 Conn. App. 641,645, 496 A.2d 222 (1985); See also, Lagana v. Lastrina,
9 Conn. L. Rptr. No. 6, 178 (June 28, 1993, Arena, J.)
 The primary purpose of a deposition . . . is discovery. . . . A response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-500. At trial, in open court, the testimony of [the deponent] may contradict her earlier statement and a question for the jury to decide may emerge.
(Citations omitted.) Esposito v. Wethered, supra., 645.
Accordingly, the defendant's motion for summary judgment is denied, as genuine issues of material fact exist with respect to the plaintiff's slip and fall incident.
John W. Moran, Judge