[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff filed a nineteen count complaint on CT Page 5632 February 18, 1992, with a return date of February 25, 1992, against defendants the Town of Groton, Brito Enterprises, Inc. ("Brito"), Hayden-Wegman Consulting Engineers, ("Hayden-Wegman") and Price Brothers Company ("Price") seeking damages for the alleged negligent construction and installation of sewer lines on the plaintiff's property. Price has moved for summary judgment as to counts four, five, six, seven, eight, ten, twelve, thirteen, fourteen, fifteen, sixteen and seventeen of the plaintiff's complaint.
Before reaching the merits of Price's motion for summary judgment, it is necessary to clarify the counts of the complaint which are proper subjects of the motion. On August 3, 1994, the court (Hendel, J) struck counts five and seventeen from plaintiff's complaint on a motion to strike by Hayden-Wegman. On the same day, the court (Hendel, J) also struck counts six, twelve, thirteen, fourteen and fifteen on a motion to strike by Brito. Count seven states a cause of action against the Town of Groton and, therefore, it is improper for Price to move for summary judgment as to count seven. Accordingly, the only counts which are operative for purposes of Price's motion for summary judgment are counts four, eight, ten and sixteen.
The plaintiff's revised complaint dated April 14, 1993, makes the following allegations. The plaintiff is the owner of property located at W 15 South Road, Groton, Connecticut. The property consists of 16.3 acres and includes six man-made fresh water ponds. In 1986 and 1987, the plaintiff granted an easement over his property to the Town of Groton. The purpose of the easement was to facilitate the construction of drainage pipes and sewer lines that would eventually carry waste to discharge into the Thames River. When the easement was granted, the Town of Groton contracted with Hayden-Wegman and Brito in order to prepare plans and install the sewerage and drainage pipes. The pipes and materials used for the construction of sewer and drain lines were provided by Price. As a result of the negligent engineering, construction and laying of the sewerage pipe, on November 19, 1989, the pipes beneath the plaintiff's property burst and/or collapsed causing an overflow of "raw sewerage, filth and other noxious and toxic and hazardous waste material" onto his land. As a result, some of the man-made ponds were polluted.
Count four of the complaint states a cause of action in CT Page 5633 negligence against Price and claims that the pipes were wrongfully designed, installed and inspected. Count eight alleges that Price was reckless in its installation, design and inspection of the pipes. Count ten seeks to hold Price liable under General Statutes § 52-572 (m) et seq., the Product Liability Act. Count sixteen alleges that the discharge of sewerage and other materials onto the plaintiff's property constitutes a trespass by each of the defendants.
In its motion for summary judgment, Price asserts that there is no genuine issue of material fact in dispute and that summary judgment should enter as a matter of law because of the running of the statute of limitations. Price claims that this case is governed by the two year statute of limitations set forth in General Statutes § 52-577c(b).[1] In the alternative, Price asserts that the plaintiff's claims are barred by the two year statute of limitations set forth in General Statutes § 52-584.[2]
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279 (1989).
Summary judgment is appropriate if the applicable statute of limitations would bar the plaintiff's claim. See Daily v.New Britain Machine Co., 200 Conn. 562, 566 (1986). In this case, however, the parties are in dispute as to which statute of limitations applies. "Where the parties dispute the applicable statute of limitations . . . the court must determine the applicable statute of limitations and the moment this period begins to run against the claim." Engman v.Laschever, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0513197 (January 21, 1994, Hennessey, J).
I. General Statutes § 52-577c(b).
Because the plaintiff asserts in his complaint that the bursting of the sewerage and drainage pipes caused a tremendous overflow of hundreds of thousands gallons of raw CT Page 5634 sewage, fifth and other noxious and toxic and hazardous waste material to flow onto his property and to pollute his ponds, Price claims that the applicable statute of limitations is Section 52-577c(b), entitled "Limitation of action for damages caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant."
Under part (b) of the statute, there is a two year statute of limitations for an "action to recover damages for . . . property damage caused by exposure to a hazardous chemical substance or mixture of hazardous pollutant released into the environment." Thus, when the pipes burst and overflowed on November 19, 1989, the defendant claims that the plaintiff had only until November 19, 1991, to file his claim. The plaintiff actually filed, however, in February, 1992.
The defendant bases his whole argument on the fact that the plaintiff chose, in his complaint, to describe the sewerage as "hazardous and noxious waste material." Section 52-577c(a)(4), however, defines hazardous pollutant as "any designated, specified or referenced chemical considered to be a `hazardous substance' under Section 101 (14) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 (14)."
42 U.S.C.S. 9601 (14) provides, in part:
 The term "hazardous substance" means (A) any substance designated pursuant to section 311(b)(2)(A) of the Federal Water Pollution Control Act [33 USCS § 1321(b)(2)(A)], (B) any element, compound, mixture, solution, or substance designated pursuant to section 102 of this Act [42 USCS § 9602], (C) any hazardous waste having the characteristics identified under or listed pursuant to section 3001 of the Solid Waste Disposal Act [42 USCS § 6921] (but not including any waste the regulation of which under the Solid Waste Disposal Act has been suspended by Act of Congress), (D) any toxic pollutant listed under section 307(a) of the Federal Water Pollution Control Act [33 USCS § 1317(a)], (E) any hazardous air pollutant listed under section 112 of the Clean Air Act [42 USCS § 7412], and (F) any imminently hazardous chemical substance or mixture with respect to which the CT Page 5635 Administrator has taken action pursuant to section 7 of the Toxic Substances Control Act [15 USCS § 2606].
Price did not attach an affidavit or proof of chemical composition or even allege that the waste material from the pipe constituted a violation of any of the environmental statutes listed above. Because the plaintiff uses the phrase "thousands of gallons of raw sewerage, water and other noxious and toxic and hazardous material" in describing the overflow in the complaint, Price claims that such an assertion constitutes an admission by the plaintiff. The defendant, however, misstates the law. "When a factual allegation in a complaint, answer, or other responsive pleading is admitted, that fact cannot be disputed at trial." C. Tait and J. LaPlante, Connecticut Evidence (2d. Ed. 1988) § 6.7.1. In its answer Price denies paragraph 12 of count four of plaintiff's complaint which contains a description of the waste matter.
Viewing the pleadings in a light most favorable to the non-moving party, the court has insufficient facts or evidence before it to determine if Section 52-577c applies to this case. The composition or chemical make-up of the overflow is necessary to determine if the statute of limitations of Section 52-577c(b) applies and, therefore, the court finds that there is a genuine issue of material fact in dispute as to the composition of the waste matter.
II. General Statutes § 52-584
Because the plaintiff seeks to collect for damages to his property, Price alternatively asserts that this case in governed by Section 52-584 which imposes a two year statute of limitations on any action "to recover damages . . . to real or personal property caused by negligence, or by reckless or wanton misconduct."
Price relies on portions of the deposition of the plaintiff which was taken on March 1, 1995. The deposition indicates that the plaintiff was allegedly aware of the "problem" of his property on November 19, 1989. The defendant asserts that this action is untimely because it was brought more than two years after the defendant became aware of the problem. CT Page 5636
In Lambert v. Stovell, 205 Conn. 1, 6 (1987) the Supreme Court stated:
 Section 52-584 requires that the injured party bring suit within two years of discovering the injury. . . . In this context injury occurs when a party suffers some form of actionable harm. . . . Actionable harm occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action. . . . The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories.
(Citations omitted; internal quotation marks omitted; emphasis in original).
While the plaintiff's deposition seems to reveal that he was aware of the overflow on his property on November 19, 1989, deposition testimony alone is not enough to satisfy the defendant's heavy burden for a motion for summary judgment. "A response to a question propounded in a disposition is not a judicial admission. . . . At trial, in open court, the testimony of [the plaintiff] may contradict [the plaintiff's] earlier statement and a question for the jury to decide may then emerge." (Citation omitted.) Esposito v. Wethered,4 Conn. App. 641, 645 (1985).
Therefore, the court finds that a genuine issue of material fact exists as to the tolling of the statute of limitations as set forth in Section 52-584.
III. Conclusion
For the reasons stated above, the defendant's motion for summary judgment is denied.
Hendel, J.