[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed this action for a declaratory judgment against the defendants on the grounds that it has no obligation under defendants' homeowner policy to defend or indemnify the defendants in an action pending in this court entitled Coleman v. Triffin,
Docket No. 33 63 02.
Thereafter, the plaintiff moved for summary judgment. In support of the motion, the plaintiff submitted copies of the application for coverage and the policy issued to the defendants; copies of its correspondence to the defendants concerning coverage of the claims made against them in the other case; copies of pleadings from the other case; and uncertified copies of what purports to be deposition testimony. An affidavit from one of the plaintiff's claim specialists was submitted to authenticate the aforementioned documents.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact, and therefore, cannot refute CT Page 5370-PPP evidence properly presented to the court in support of a motion for summary judgment." (Brackets omitted; citation omitted; internal quotation marks omitted) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
Transcripts of deposition testimony have been held insufficient for the purposes of a motion for summary judgment on the grounds that: "[t]he primary purpose of a deposition . . . is discovery." Esposito v. Wethered, 4 Conn. App. 641, 645 (1985); and that "response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200." Id.; and, further, that deposition testimony may be contradicted at trial by the deponent, thereby raising an issue of credibility for the jury to decide. Id.
Courts generally refuse to accept uncertified copies of transcripts for purposes of a motion for summary judgment because such documents lack authentication. See Karabelas v. Munson,
Superior Court, Litchfield J.D., Docket No. 06 40 71 (March 6, 1995, Pickett, J.)
The plaintiff has failed to meet its burden of showing the nonexistence of any material fact. Whether the premises at issue in Coleman v. Triffin were insured under the policy provisions and were "residence premises" within the meaning of the policy provisions are some examples of the genuine issues of material fact existing in this action which must be determined by a jury, not by the conclusory statements of the plaintiff in its motion for summary judgment.
The motion for summary judgment is denied.
BY THE COURT
Leander C. Gray, Judge