[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION FOR SUMMARY JUDGMENT)
The plaintiff filed an eight count complaint against the defendants, Connecticut Small, Business Development Center (CSBDC) and John P. O'Connor alleging in counts one through seven breach of contract, promissory estoppel, intentional and negligent misrepresentation and unjust enrichment. Plaintiff claims she was wrongfully terminated from her employment with the CSBDC by O'Connor, on or about September 1990. Count eight of the complaint alleges the defendants have failed and refused to pay wages to the plaintiff, in violation of Connecticut General Statutes § 31-71 (b) and (c).
The defendants have filed a motion for summary judgment claiming that because CSBDC was a state entity and O'Connor was a state employee acting within the scope of his duties, the doctrine of sovereign immunity shields them from liability.
At the hearing on this motion, counsel for the State stated that the motion addresses counts one through seven. Count 8 is not affected by the ruling on this motion.
Standard of Review
A motion for summary judgment may be granted when the pleading, affidavits and other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Strada v. ConnecticutNewspapers Inc., 193 Conn. 313, 316-317 (1984).
Sovereign Immunity
It is established that the state cannot be sued without its CT Page 5742 consent. The doctrine of sovereign immunity implicates subject matter jurisdiction. Amore v. Frankel, 228 Conn. 358, 364 (1994).
As it applies to this case, the court must assess whether the action is one, in effect, against the state or if the defendant asserting sovereign immunity is a state instrumentality to the extent that the state's interests are directly affected or whether the state has a pecuniary interest or substantive right to protect. Some factors to be considered are set forth inDolnack v. Metro North Commuter Railroad Company,33 Conn. App. 832, 836-837 (1994). In this regard it has also been established that the University of Connecticut (UCONN) is a constituent unit of the state system of higher education and a suit against one of its employees in connection with his duties is, in effect, a suit against the state and cannot be maintained without its consent. Fetterman v. University of Connecticut,192 Conn. 539, 550-551 (1984).
Facts
In this case, the plaintiff, who was a professor at UCONN and an attorney licensed to practice law was assigned and accepted the position of legal counsel for the Connecticut Small Business Development Center (CSBDC). UCONN faculty members were paid only nine months of the year for their regular teaching duties. In order to be paid more they had to undertake extra duties. (Huffmire affidavit dated September 11, 1992). Huffmire claims that she performed legal work for the defendants for which she was not paid, and that she was terminated from her employment with CSBDC in breach of her contract with that entity.
Discussion
The Court finds that CSBDC was a state entity, a part of the University of Connecticut and that the defendant John P. O'Connor was an employee of the State of Connecticut.
O'Connor was appointed to his position as State Director for the CSBDC in 1984 by the President of UCONN. He reported to the Provost and Vice President of UCONN through the Associate Provost. The CSBDC is a UCONN program established by the federal Small Business Administration (SBA) in conjunction with the State of Connecticut. The program was funded in part by the SBA, in part by the State, and in part by the private sector. CT Page 5743
All full-time employees of CSBDC are on the UCONN payroll and are state employees. There were approximately 15 employees in May 1995, including O'Connor. The plaintiff's payroll checks were issued by UCONN. Her salary at CSBDC was determined by UCONN policies and were annually equal to one month of her faculty salary. UCONN is responsible for the day to day oversight and management of the CSBDC. (O'Connor affidavit dated May 25, 1995).
The CSBDC is a UCONN program under the supervision of the Provost's office. (Emmert affidavit, dated May 24, 1995).
The plaintiff has herself stated in an affidavit filed in the United States District Court "I was employed solely by the University and paid solely by the university" (Huffmire affidavit dated September 11, 1992).
Further, the plaintiff has made judicial admissions in a federal "1983" action against UCONN and O'Connor. (Civil Action No. 292 CV 00384 (AVC), U.S. District Court, District of Connecticut, alleging that:
 The University of Connecticut (the "University") is a public institution of higher education formed pursuant to Article VIII of the Constitution of the State of Connecticut with its principle place of operation in Storrs, Connecticut.
 The Defendant, John P. O'Connor ("Defendant O'Connor" and with Defendant Hartley and the University, the "Defendants") is an individual residing in Connecticut, and is the State Director of the Connecticut Small Business Development Center (the "Small Business Development Center"), a part of the University. As such, Defendant O'Connor is responsible for the day to day operations of the Small Business Development Center. . . (Emphasis added.)
 As Director of the Small Business Development Center, a division of the University of Connecticut, an entity established pursuant to the Constitution of the State of Connecticut, and funded by the State of Connecticut, the Defendant O'Connor was acting under color of State law in terminating Plaintiff as legal counsel to the Small Business Development Center. (Emphasis added.)
The allegations were admitted by the defendants in their answer. Judicial admissions expressed in pleadings are conclusive on the party making them. Esposito v. Wethered, 4 Conn. App. 641,645 (1985). CT Page 5744
The plaintiff further admitted that UCONN policies regarding salary and retirement benefits apply to the CSBDC when she stated her retirement income from the State is based on a formula which includes monies from her position with the CSBDC. (Huffmire deposition, dated May 25, 1993).
The mission of CSBDC is to provide free business advice on a statewide basis to small and medium sized business. One of UCONN's obligations is to provide opportunities for education and training related to the economic . . . development of the State.Connecticut General Statutes § 10a-6 (b)(3)
The CSBDC was located on state property at UCONN. It is also noteworthy that a Connecticut Superior Court has determined that CSBDC is a UCONN program, and the doctrine of sovereign immunity deprived the Court in that case of subject matter jurisdiction. See Joseph I. Lozada v. Jorge A. Amador, et al, Superior Court, Judicial District of Hartford/New Britain, at Hartford, No. CV 95-0548633, dated 9/12/95 (Hale, Judge Referee). While in the Lozada case, the plaintiff filed no affidavits or other documentary evidence in support of its position, the affidavits filed by the defendants contained information similar to those filed in this case.
In this case, the plaintiff's affidavits show that the SBA grant was renewed annually — but the procedure was that the SBA notified the responsible university official (the Provost). They also show that while initially the State provided manpower only to the program while the funding came from the federal government, that arrangement changed at some time so the State also provided some monies as well. But they also show that the annual budget was prepared by O'Connor, approved by the Provost, then submitted to the funding agencies, including the SBA, and the State legislature. A review of all affidavits, however, clearly establishes that the CSBDC was an arm of the state, with no more federal oversight than any program where grants or funds are supplied by the federal government. The indicia of state control, that this program was a UCONN run program is clear to this Court. It is clear also that O'Connor was performing his duties as a UCONN employee and the defendants are, therefore entitled to the protections of sovereign immunity.
Examining the factors set forth in Dolnack, supra, the Court finds that a judgment for the plaintiff would subject the State CT Page 5745 to liability since any judgment would have to be paid by CSBDC — which is funded, in part by State funding. (The United States Attorney's Office erroneously filed an appearance in this case, then subsequently filed a Disclaimer of Interest stating that the United States has no interest in this case and moved to withdraw its appearance.) The State has pecuniary interest and a substantive right to protect. There is a clear State nexus to the CSBDC based on the affidavits. The State controls the activities of the CSBDC and CSBDC functions statewide and is serving a public purpose. These characteristics have not been negated by the proofs submitted by the plaintiff.
For these reasons, the Motion for Summary Judgment is granted as to counts one through seven of the complaint.
Klaczak, J.