[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On November 9 1992, the plaintiffs Michael Gagnon [Gagnon] and his wife Carol Gagnon, filed a twenty count revised complaint against the defendants, Safeway Disposal Systems [Safeway], Thermall, Inc. [Thermall], and Caldon Refractories, Inc. [Caldon]. Gagnon alleges negligence, recklessness, and vicarious liability, to against Safeway and Thermall. Gagnon alleges negligence and recklessness against Caldon. Carol Gagnon alleges loss of consortium claims CT Page 8617 against Safeway, Thermall and Caldon. At the time of the accident, Gagnon was an employed of Atlantic Ventilating and Equipment Company [Atlantic].
In his revised complaint, Gagnon alleges the following: Safeway engaged Thermall as a general contractor to perform maintenance, repairs and cleaning of its incinerator and ventilation system. Thermall hired Caldon to provide maintenance and repair services to the refractory lining of Safeway's incinerator, which included removal of "slag." In his revised complaint, Gagnon defines "slag" as "large, dense deposits of materials which are created by the incineration and liquidation of waste materials which adhere to the walls of the incinerator." Thermall also hired Atlantic to perform maintenance duties on the incinerator. While working at the incinerator site, Gagnon was struck on the head by a piece of slag.
On March 23, 1994, Safeway filed a motion for summary judgment along with a memorandum of law and the affidavit of Martin J. Smith, Chief Executive Officer of Safeway. In support of its motion for summary judgment, Safeway argues that, pursuant to Connecticut law, Safeway cannot be liable to Gagnon for personal injuries sustained in a work related accident where Gagnon was employed by an independent contractor in control of Safeway's workplace. On April 29, 1994, Gagnon filed a memorandum of law in opposition to Safeway's motion for summary judgment, along with several supporting documents.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989).
 The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, CT Page 8618 and that excludes any real doubt as to the existence of any genuine issue of material fact.
Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382
(1971). The burden of proof always remains with the moving party and the evidence must be viewed in a light most favorable to the non-moving party. See Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990); Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1988). The opposing party "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984).
In reaching a decision on a summary judgment motion, the basic test employed by the court is whether the moving party would be entitled to a directed verdict on the same facts. See Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Corp. v. Urban RedevelopmentCommission, 158 Conn. 364, 380, 260 A.2d 596 (1969).
In support of its motion for summary judgment, Safeway argues that it cannot be held liable to Gagnon for personal injuries sustained in a work-related accident where Gagnon was employed by an independent contractor in control of Safeway's workplace. Safeway offers the affidavit of Martin J. Smith, Chief Executive Officer of Safeway. Smith attests that "[t]he contract for purchase of the incinerator had not been performed and Safeway had not accepted ownership of the incinerator." (Smith Affidavit, para. 5). Smith further attests that "[a]t the time, Michael Gagnon claims to have been injured on January 2, 1991, custody and control of the medical waste incinerator was in Thermal [Thermall], Inc." (Smith Affidavit, para. 8).
In opposition to the motion for summary judgment, Gagnon argues that Safeway has failed to show the absence of genuine issues of material fact with regard to several issues. Gagnon CT Page 8619 argues that Safeway has failed to show that the slag was not a hidden danger that Safeway should have warned its contractor about; that Safeway has failed to show that it was not in control of the premises; and that Safeway has not shown that it did not have a duty to warn Gagnon as a business invitee of the dangerous presence of slag.
Gagnon offers deposition testimony of Safeway employees and Thermall's responses to Gagnon's interrogatories to support its claim that genuine issues of material fact remain. "A response to a question propounded in a deposition is not a judicial admission." Esposito v. Wethered, 4 Conn. App. 641,644, 496 A.2d 222 (1985). Similarly, responses to interrogatories are not considered judicial admissions. Id. Nevertheless, the deposition testimony and the interrogatory responses offered in opposition to Safeway's motion for summary judgment raise a genuine issue of material fact. The deposition testimony of Safeway's employees indicates that Safeway required Thermall to follow its safety procedures. In addition, Thermall's interrogatory responses indicate that Safeway was responsible for plant safety.
"The common law of the State of Connecticut has generally upheld the proposition that the possession and control of the land, not its ownership, determine liability for any injuries incurred because of defects on the land." Fountain v.D'Addario Industries, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 261424 (December 19, 1991), citing Farlow v. Andrews Corp. , 154 Conn. 220, 225,224 A.2d 546 (1966). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citations omitted.)Panaroni v. Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969). Generally, the issue of control is an issue of fact. Id.
Safeway offers the affidavit of Smith, its chief executive officer, to support its claim that it did not exercise possession and control over the incinerator. Rather, Smith attests Thermall exercised possession and control over the incinerator when Gagnon was injured. In response, Gagnon offers deposition testimony and interrogatory responses, which indicate that Safeway may have exercised possession and control of the incinerator. CT Page 8620
Safeway has failed to show that "it is quite clear what the truth is . . . exclud[ing] any real doubt as to the existence of any genuine issue of material fact." Fogarty v.Rashaw, supra, 193 Conn. 445. There remains a genuine issue of material fact as to which party controlled the incinerator when Gagnon was injured. Accordingly, Safeway's motion for summary judgment is denied.
Mary R. Hennessey, Judge