[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF SUMMARY JUDGMENT
On January 15 1993, the plaintiff, Barbara O'Donnell, filed a three count complaint against the defendant, The Hartford Steam Boiler Inspection and Insurance Company, alleging a violation of General Statutes § 31-72, a breach of contract and a breach of the implied covenant of good faith and fair dealing. In her complaint, the plaintiff alleges that the defendant wrongfully and retroactively terminated a 1991 Marketing Department Incentives Program [Incentives Program] for new products. The plaintiff claims that she is entitled to monies due her under the terms of the Incentives Program. She further claims that she earned this money both before and after the termination of the Incentives Program and that, to date, her requests for payment have been refused.
On November 29, 1993, the defendant filed a motion for summary judgment along with a memorandum in support of the motion, a copy of the plaintiff's deposition testimony and other documentary evidence. The plaintiff filed a memorandum in opposition to the motion for summary judgment, dated January 3, 1993, and an affidavit.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "When a motion for summary judgment is supported by affidavits CT Page 8608 and other documents an adverse party, by affidavit or as otherwise provided by § 380 must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v.Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986), quotingBartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12,459 A.2d 115 (1983).
 The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.
Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Scinto v. Stamm, 224 Conn. 524, 530,620 A.2d 99 (1993), cert. denied, 62 U.S.L.W. 3248 (1994), citingTown Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978).
In support of its summary judgment motion, the defendant argues that the undisputed facts indicate that the plaintiff is not entitled to payment because there was no consideration for the Incentives Program and, therefore, no enforceable agreement between the parties. The defendant relies exclusively on the plaintiff's deposition testimony to support this argument.
The primary purpose of a deposition is discovery.Esposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222
(1985). "A response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200. At trial, in open court, the testimony of [the plaintiff] may contradict her earlier statement and a question of fact for the jury to decide may then emerge. . . ." Id. CT Page 8609
The plaintiff argues that, while many of the facts in the present case are not in dispute, the defendant has misconstrued her deposition testimony and left out the portions of her deposition that are relevant to the issue of consideration. The plaintiff also offers her affidavit in opposition which states that "[t]he Marketing Incentive Plans were not for simply doing one's [sic] job, or for average performance. It was intended as additional compensation for above average performance or effort in promoting the product or goal of the Plan." (O'Donnell Affidavit, para. 5). The plaintiff further avers that she was responsible for selling nine specific insurance products for the company and that under the Incentives Program she was to receive additional compensation for emphasizing three of the nine products.
 To do this, [she] had to re-visit and re-educate [her] clients about the new products and the reasons for them to use these products rather than other products that [she] had sold to them previously. In some cases this meant re-underwriting hundreds of commercial accounts, which [she] would not have otherwise done.
(O'Donnell Affidavit, para. 6).
The plaintiff also argues in her memorandum in opposition that the Incentives Program was part of her original compensation package and that incentives had been paid for every year of her employment. In support of this argument, the plaintiff attests in her affidavit that
 [a]t the time of hire, I was presented a total compensation package. That package, as explained to me by the Company, included a base salary, benefits and additional compensation in the form of incentives. The incentives were based upon my meeting certain criteria established by the Company and outlined in its annual incentive plan. That plan was a formal document distributed to the field marketing force each year. There was a Marketing Territory Incentive Plan each year of my employment with the CT Page 8610 Company.
(O'Donnell Affidavit, para. 3).
The defendant has failed to offer any proof, other than the plaintiff's deposition statements, to establish that there was no consideration for the Incentives Program. The plaintiff has offered her own affidavit in support of her claim that there was sufficient consideration for the agreement. The court finds that the defendant has failed to show that "it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, supra,193 Conn. 445. A genuine issue of material fact exists as to whether there was consideration to support the enforcement of the Incentives Program. Accordingly, the defendant's motion for summary judgment is denied.
Mary R. Hennessy, Judge