[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #108
In a revised complaint filed on June 16, 1994, the plaintiff, Charles Goclowski, alleges that on October 8, 1991, the motor vehicle that he was operating was struck from behind by a motor vehicle operated by the defendant, C. William Kilhefner. On June 20, 1994, the defendant filed an answer to the revised complaint.
On July 15, 1994, the plaintiff filed a motion for summary CT Page 1203 judgment (#108), supported by a memorandum of law, the plaintiff's affidavit, a copy of a police report, and a copy of a written statement filed by the defendant with his insurer. On January 6, 1995, the defendant filed a memorandum in opposition.
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corp. , 164 Conn. 194,199, 319 A.2d 403 (1972).
In the police report submitted by the plaintiff in support of his motion for summary judgment, the investigating officer states that "[the defendant] said that he was looking for a house . . . and was looking at a mailbox to his left. When he looked up he applied his brakes but was unable to stop and avoid striking [the plaintiff]." The police officer does not state that he witnessed the accident as it occurred. In Fogarty v.Rashaw, 193 Conn. 442, 476 A.2d 582 (1984), the court, in ruling on the use of statements of witnesses and parties contained in a police report to support a motion for summary judgment, held that "[e]xcept for the portion of the police report containing the personal observations of the police officer, none of these statements would have been admissible against the [non-movant] because of the hearsay rule." Id., 444. "They could not, therefore, have been relied upon to support the motion for summary judgment." Id. Thus, in the present case, the plaintiff may not rely on the hearsay statements contained in the police report to support his motion for summary judgment. At trial plaintiff may or may not be able to have these statements admitted into evidence as exceptions to the hearsay rule. The court also notes that the police report does not contain an oath. In the absence of an oath, the report cannot qualify as a sworn affidavit. Id.[1]
The plaintiff also relies on his affidavit to support the motion for summary judgment. The plaintiff attests that his vehicle was struck from behind by the defendant's vehicle (¶ 6) and that the defendant stated that "I was lo looking for a house CT Page 1204 number and I didn't see you." (¶ 7.) While the court may rely on the uncontroverted facts stated in the plaintiff's affidavit in ruling on a motion for summary judgment; Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983); the facts stated in the plaintiff's affidavit are not conclusive with respect to the issue of causation.
The plaintiff also submits a statement allegedly made by the defendant to his insurer, in which the defendant states that he was looking to the left side of the street and that he could not stop in time to avoid hitting the plaintiff's vehicle. This statement is neither a sworn statement nor a judicial admission. At trial the defendant may contradict this statement, and in so doing, create a genuine issue of material fact (i.e., with respect to the issue of credibility) for the jury. See Espositov. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985). Thus, genuine issues of material fact still remain with respect to the issue of causation. Accordingly, the plaintiff's motion for summary judgment is denied.
BALLEN, J.